# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION

NO. 4:19-CR-09-1
NO. 4:19-CR-09-2
NO. 4:19-CR-09-3
NO. 4:19-CR-09-4
NO. 4:19-CR-09-5
NO. 4:19-CR-09-6

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>MAURICE MONTRELL GREENE )<br>   a/k/a "BG" )<br>ALCINDAR LEE PHILLIPS )<br>   a/k/a "Life" )<br>JASON JAVECE CANADY )<br>SHAVON LEONTA TRIPP )<br>HOMERO VALDEZ )<br>TRAVIS EARL TUTEN )<br>   a/k/a "Trap" ) | **INDICTMENT** |

The Grand Jury charges that:

## COUNT ONE

From a date unknown to the Grand Jury, but no later than beginning in or about January of 2015, and continuing up to the date of this indictment, in the Eastern District of North Carolina, and elsewhere, the defendants, MAURICE MONTRELL GREENE, also known as "BG," ALCINDAR LEE PHILLIPS, also known as "Life," JASON JAVECE CANADY, SHAVON LEONTA TRIPP, HOMERO VALDEZ, and TRAVIS EARL TUTEN, also known as "Trap," did knowingly and

1

intentionally combine, conspire, confederate, agree and have a tacit understanding with each other and others, known and unknown to the Grand Jury, to distribute and possess with the intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21 United States Code, Section 841(a)(1).

<u>Quantity of Controlled Substance Involved in the Conspiracy</u>

With respect to the defendants, MAURICE MONTRELL GREENE, also known as "BG," SHAVON LEONTA TRIPP, and TRAVIS EARL TUTEN, also known as "Trap," the amount involved in the conspiracy attributable to each as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred (500) grams or more of cocaine, a Schedule II controlled substance,, in violation of Title 21, United States Code, Section 841(b)(1)(B).

With respect to the defendants, ALCINDAR LEE PHILLIPS, also known as "Life," JASON JAVECE CANADY, and HOMERO VALDEZ, the amount involved in the conspiracy attributable to each as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five kilograms or more of cocaine, a Schedule II controlled substance,, in violation of Title 21, United States Code, Section 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 846.

<u>COUNT TWO</u>

On or about August 10, 2016, in the Eastern District of North Carolina, the defendant, TRAVIS EARL TUTEN, also known as "Trap," did knowingly and

2

intentionally distribute a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT THREE

On or about December 28, 2016, in the Eastern District of North Carolina, the defendant, JASON JAVECE CANADY, did knowingly and intentionally possess with the intent to distribute five hundred (500) grams or more of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT FOUR

On or about June 21, 2017, in the Eastern District of North Carolina, the defendant, TRAVIS EARL TUTEN, also known as "Trap," did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT FIVE

On or about July 11, 2017, in the Eastern District of North Carolina, the defendant, TRAVIS EARL TUTEN, also known as "Trap," did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance, and a quantity of fentanyl, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT SIX

On or about July 18, 2017, in the Eastern District of North Carolina, the defendant, TRAVIS EARL TUTEN, also known as "Trap," did knowingly and

3

intentionally distribute a quantity of cocaine, a Schedule II controlled substance, and a quantity of fentanyl, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

[Remainder of page intentionally left blank.]

# FORFEITURE NOTICE

The defendants are given notice that pursuant to the provisions of Title 21, United States Code, Section 853 and Title 18, United States Code, Section 924(d), the latter as made applicable by Title 28, United States Code, Section 2461(c), all of the defendants' interest in all property specified herein is subject to forfeiture.

Upon conviction of the offenses set forth in Counts One through Six, the defendants shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the said offenses.

The forfeitable property includes, but is not limited to, the following:

(a) $35,991.00 in United States Currency seized from defendant TRAVIS EARL TUTEN, also known as "Trap," on January 6, 2016;

(b) $35,960.00 in United States Currency seized from defendant MAURICE MONTRELL GREENE, also known as "BG," on June 21, 2016;

(c) $800.00 in United States Currency seized from JASON JAVECE CANADY on December 28, 2016;

(d) $172,409.00 in United States Currency seized from HOMERO VALDEZ on May 20, 2017;

(e) $18,475.00 in United States Currency seized from defendant TRAVIS EARL TUTEN, also known as "Trap," on July 19, 2017;

(f) $5,000.00 in United States Currency seized from defendant MAURICE MONTRELL GREENE, also known as "BG," on July 26, 2017;

(g) $12,350.00 in United States Currency seized from defendant MAURICE MONTRELL GREENE, also known as "BG," on August 3, 2017;

5

(h) $11,850.00 in United States Currency seized from ALCINDAR LEE PHILLIPS, also known as "Life," seized on August 15, 2017;

(i) One H&R revolver, .22 caliber handgun, model 930, bearing s/n AZ028082, and any and all ammunition;

(j) One Luger TEC Intratec, 9mm handgun, bearing s/n D07033, and any and all ammunition;

(k) One Mossberg shotgun, bearing s/n G904938, and any and all ammunition;

(l) One Smith and Wesson, .40 caliber pistol, bearing s/n PZ76672, and any and all ammunition;

(m) One Hi Point Model 995, 9mm carbon rifle, bearing s/n F93656, and any and all ammunition; and

(n) Any and all other ammunition seized including 9mm ammunition; and 40 caliber ammunition.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant --

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL:

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: _2/6/19_

ROBERT J. HIGDON, JR.
United States Attorney

BY: _Dena J. King_
DENA J. KING
Assistant United States Attorney
Criminal Division

7